**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-62393-CIV-DAMIAN**

**MANUEL EDUARDO MONRROY FIGUEROA,**

Petitioner,

v.

**OFFICER IN CHARGE, MIRAMAR ICE FIELD OFFICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,** *et al.*,

Respondents.
______________________________________/

**ORDER DENYING EMERGENCY MOTION TO REOPEN CASE AND ENFORCE ORDER ON PETITION FOR WRIT OF HABEAS CORPUS [ECF NO. 13]**

**THIS CAUSE** is before the Court upon Petitioner, Manuel Eduardo Monrroy Figueroa's ("Petitioner"), Emergency Motion to Reopen Case and Enforce Order on Petition for Writ of Habeas Corpus [ECF No. 13 ("Motion"), filed on November 2, 2026. Petitioner requests a ruling by November 4, 2026, before a master calendar hearing scheduled for November 5, 2026, at which an Immigration Judge will address the Government's motion to pretermit his asylum application. *Id.* at 1.

THE COURT has reviewed the Motion, the relevant legal authorities, and the pertinent portions of the record and is otherwise fully advised. For the reasons set forth below, the Emergency Motion is due to be denied.

## I. BACKGROUND

The background relevant to Petitioner's immigration status and proceedings before the Immigration Court is set forth in this Court's October 19, 2026 Order on Petition for Writ of Habeas Corpus. *See generally* ECF No. 11 ("Order on Habeas Petition").

Petitioner is a citizen of Venezuela who is currently detained by Immigration and Customs Enforcement ("ICE") at Krome North Service Processing Center in Miami, Florida. *Id.* at 2. He entered the United States as a Venezuela Humanitarian Parolee in March 2024 and was paroled until June 2025. *Id.* Petitioner has a pending asylum application with U.S. Citizenship and Immigration Services. *Id.* On August 28, 2026, Petitioner was detained by ICE, and the following day, Petitioner filed a Petition for Writ of Habeas Corpus. [ECF No. 1].

On October 19, 2026, this Court granted in part the Petition to the extent that Petitioner requests this Court to direct the Immigration Court to give him a bond hearing. *See* Order on Habeas Petition, at 8. Pursuant to that Order, the Respondents were ordered to afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) by no later than October 29, 2026, or otherwise release Petitioner. *See id.*

In the Motion now before the Court, Petitioner acknowledges that an Immigration Judge ("IJ") of the Krome Immigration Court conducted a bond hearing on October 22, 2026, pursuant to 8 U.S.C. § 1226(a), as directed by this Court's Order on Habeas Petition. Mot. at 4. At the bond hearing, the IJ made a determination of no bond due to flight risk. *Id.* at 5.

According to Petitioner's Motion,[1] the IJ ruled as follows:

> The thing is, the government is going to be orally moving to pretermit the application. The respondent left Venezuela, then returned back to Venezuela. So I am gonna find that he is a flight risk. He's — the application is extremely speculative, that he returned to the country that he fled from. So I will hold him no bond.

*Id.* at 5. The IJ's Order states that bond was "Denied, because flight risk[.]" [ECF No. 13-2]. Later that morning, the IJ continued the master calendar hearing to November 5, 2026, to give Petitioner's removal counsel more time to prepare. Notably, Petitioner waited until November 2, three days prior to the master calendar hearing to file the instant Motion seeking relief before the rescheduled hearing.

In the Motion, Petitioner argues, generally, that his bond hearing was constitutionally inadequate because the IJ refused to decide whether any bond or condition of release would secure Petitioner's appearance. Mot. at 8–11. Petitioner further argues that the IJ did not consider evidence that weighed in favor of Petitioner's release, including that he has no criminal history, has a wife and two children in a leased home, has steady employment, and has a U.S. citizen sponsor with the means to stand behind a bond. Mot. at 2.

Because Petitioner's Motion was filed on an emergency basis and seeks an expedited ruling, this Court did not direct the Respondents to file an expedited response.

Upon review of the Motion and the present record, this Court finds that the issues raised in the Petition fall squarely within the Immigration and Nationality Act's ("INA") provision stripping district courts of jurisdiction to review discretionary judgments under Section 1226.

---

[1] In the Motion, Petitioner references portions of the Immigration Court's digital audio recording of the bond hearing and indicates that Petitioner's counsel was unable to obtain transcripts prior to filing the instant Motion on an emergency basis. *See* Mot. at 2 n.1.

## II. DISCUSSION

Because Petitioner's challenge to his detention is, at bottom, a critique of the IJ's weighing of evidence at his bond hearing, this Court lacks authority to overturn the bond decision or provide Petitioner the expedited relief he seeks. Section 1226's jurisdiction-stripping provision reads:

> The Attorney General's discretionary judgment regarding the application of [§ 1226] shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

8 U.S.C. § 1226(e). This provision strips federal courts of authority to review "a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding [a noncitizen's] detention or release." *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (quotations omitted); *see also Mayorga v. Meade*, No. 24-CV-22131, 2024 WL 4298815, at *8 (S.D. Fla. Sept. 26, 2024) (Bloom, J.) ("[T]his Court does not have jurisdiction to review the decision of the immigration judge to deny Petitioner bond[.]"). Petitioner's usual remedy for alleged errors by an immigration judge in a bond denial is to appeal that decision to the Board of Immigration Appeals pursuant to the normal appellate procedures.

This Court also acknowledges that in some fact-specific instances, subjecting a noncitizen to a sufficiently deficient immigration bond hearing can create a constitutional deprivation that evades the Section 1226(e) bar. *See, e.g.*, *Castillo v. Field Office Dir.*, No. 25-25296-CV, 2025 WL 4689387, at *5-6 (S.D Fla. Dec. 19, 2025) (Williams, J.) (finding bond hearing process inadequate because IJ considered DHS's counsel's allegations without any supporting evidence and considered evidence of danger that came in through "a vague, unsworn hearsay statement," plus the IJ admitted he did not have time to review the material that had been filed or prepare); *Lopez v. Paulk*, 830 F. Supp. 3d 1356 (M.D. Ga. 2026) (finding

bond hearing was constitutionally suspect where the IJ did not address any facts or individual circumstances specific to that petitioner); *D.Y.E.H. v. Warden, Irwin Det. Ctr.*, No. 25-cv-201, 2026 WL 1230386, at *5 (M.D. Ga. Apr. 6, 2026) (concluding that bond decision based on flight risk did not comport with due process because DHS presented no evidence from which flight risk could be adduced and the topic of flight risk was not discussed at all during the hearing); *Rubio v. Hardin*, 2026 WL 1390984, at *2 (M.D. Fla. May 19, 2026) (finding that petitioner was deprived of an individualized bond hearing because the IJ explicitly refused to review the petitioner's extensive evidentiary record).

However, the record before this Court does not show that the IJ failed to give Petitioner adequate process due under the U.S. Constitution or that there are any other circumstances indicating that Petitioner is entitled to relief here. Petitioner does not argue that the IJ failed to reference the correct legal standard, *Matter of Guerra*, 24 I&N Dec. 37 (BIA 2006), at the bond hearing. The IJ gave a specific reason that Petitioner was a flight risk: specifically, that Petitioner's asylum application was "extremely speculative" as he returned to the country from which he originally fled. Mot. at 5. Moreover, Petitioner did not attach a transcript that would indicate that he did not get a fair hearing.

Because, based on the record before this Court, it does not appear that Petitioner's October 22, 2026 bond hearing was constitutionally infirm and Petitioner is challenging the discretionary judgment of the IJ, this Court concludes that its hands are tied by the section 1226(e) bar, and it will not interfere with the IJ's ruling. *See Villanueva v. Guthrie*, No. 26-cv-1294-KCD-NPM, 2026 WL 1379033 (M.D. Fla. May 18, 2026) (denying petition due to section 1226(e) bar where the petitioner "attempts to dress up his disagreement with the immigration judge's weighing of the evidence as a constitutional claim").

## III. CONCLUSION

Accordingly, for the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** that the Emergency Motion [**ECF No. 13**] is **DENIED**. This case shall remain **CLOSED**.

**DONE AND ORDERED** in the Southern District of Florida, this 4th day of November, 2026.



**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of Record